IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 15-cv-01945-RM


ANTONIO AGUILAR,

      Applicant,

v.

DAVID ZUPAN,
COLORADO STATE ATTORNEY GENERAL,

      Respondents.

---

## ORDER TO DISMISS IN PART

---

Applicant, Antonio Aguilar, is a prisoner in the custody of the Colorado Department of Corrections, currently incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado. On September 8, 2015, Mr. Aguilar, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his Colorado conviction and sentence in Jefferson County District Court case number 03CR2633.  He has been granted leave to proceed *in forma pauperis*. (ECF No. 5).

On September 11, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. (ECF No. 6).  After receiving an extension of time, Respondents filed their Pre-Answer Response on October 5, 2015

(ECF No. 12) arguing that claims one, two, three, and eight are procedurally defaulted, claim

four is unexhausted, and claims five, six, seven, and nine are exhausted.   Mr. Aguilar has not

filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the Amended Application and other papers filed by Mr. Aguilar

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court

should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the Amended Application, in part.

## I.  Background

### A. State Court Proceedings

The Colorado Court of Appeals summarized the state court proceedings as follows:

> [D]efendant and his companions broke into the victim's home, bound
> and gagged the victim, and covered him with a mattress.  They then ransacked
> the victim's home and carried items away.  The victim was unable to free
> himself and consequently died.
>
> On February 1, 2005, a jury found defendant guilty of first degree
> burglary, second degree burglary, theft, robbery, and conspiracy to commit
> robbery.  The jury could not reach a verdict on a charge of felony murder and a
> mistrial was granted with respect to that charge.  Prior to the scheduled retrial,
> defendant pled guilty to second degree murder in exchange for a dismissal of
> the felony murder charge.  On April 15, 2005, the trial court sentenced
> defendant to a total of fifty-seven years in the custody of the Department of
> Corrections.
>
> Defendant directly appealed his lesser convictions and related sentence.
> On August 21, 2008, a division of this court merged defendant's first and
> second degree burglary convictions and affirmed the judgment in all other
> respects. *People v. Aguilar*, (Colo. App. No. 05CA0925, Aug. 21, 2008) (not
> published pursuant to C.A.R. 35(f))(*Aguilar I*).

(ECF No. 12-7 at 2-3).

On January 8, 2010, Defendant filed a post conviction motion alleging nine instances of ineffective assistance of counsel. (ECF No. 12 at 2 n.1).  The trial court issued a written order denying defendant's claims without holding a hearing.  The Colorado Court of Appeals affirmed the post conviction court's order. (ECF No. 12-7), *People v. Aguilar*, (Colo. App. No. 11CA1116, Oct. 25, 2012) (not published) (*Aguilar II*).  The Colorado Supreme Court denied certiorari on December 9, 2013. (ECF No. 12-9).

On December 16, 2013, Defendant filed a motion to correct illegal sentence. (ECF No. 12-1).  The post conviction court denied the motion on February 7, 2014.  The Colorado Court of Appeals affirmed the denial, *People v. Aguilar*, (Colo. App. No. 14CA0272, Dec. 11, 2014) (not published) (*Aguilar III*), and the Colorado Supreme Court denied certiorari on June 1, 2015. (ECF No. 12-14).

On July 8, 2015, Applicant filed a "Petition for Post Conviction Relief" and "Direct Appeal 35c." (ECF No. 12-1 at 10).  The post conviction court denied the motions, and the appeal is currently pending. (ECF No. 12-1 at 9-10, ECF No. 12-15, ECF No. 12-16).  The claims asserted in the appellate brief are all based on ineffective assistance of counsel, (ECF No. 12-16), which do not impact any of the claims asserted in the current habeas application.

**B.   Federal Habeas Applications**

On April 1, 2013, Applicant filed a habeas application pursuant to 28 U.S.C. § 2254 in this Court. *See Aguilar v. Tamme*, et al., 13-cv-00494-MSK.  In that case, Chief Justice Marcia S. Krieger initially dismissed the application in part.  (*Id.* at ECF No. 25).  Then, the entire case was deemed voluntarily dismissed and the case was closed on October 1, 2013. (*Id.* at ECF No. 35).

On September 8, 2015, Applicant filed the current habeas application pursuant to 28 U.S.C. § 2254 in this Court.   The Application asserts nine claims for relief:

1. Double Jeopardy (jurisdiction) violation because the trial court allowed the felony murder charge to be retried following Mr. Aguilar's burglary conviction at the first trial.

2. Due Process Violation because the prosecution's testing of DNA evidence consumed the sample.

3. Due Process Violation because the trial court allowed an expert witness to testify about population frequency statistics.

4. Due Process Violation because the evidence was insufficient to support the convictions for robbery and theft.

5. Due Process Violation because the state was required to prove that applicant had the intent to commit theft, which was an essential element of the crime of burglary.

6. Due Process Violation because the prosecution was allowed to amend the burglary charge after the close of evidence.

7. Due Process Violation because of prosecutorial misconduct during closing argument.

8. Due Process Violation because the trial court failed to instruct the jury on the lesser included offense of criminal negligent homicide and/or manslaughter.

9. Due Process Violation because there was no factual basis for the court to accept applicant's guilty plea to second degree murder.

(ECF No. 1).

In the Pre-Answer Response, Respondents concede that the Application is timely under the AEDPA one-year limitation period set forth in 28 U.S.C. § 2244(d). (ECF No. 12 at 6). Respondents further concede that Mr. Aguilar has exhausted state court remedies for claims five, six, seven, and nine. (*Id.* at 11). Respondents contend, however, that claims one, two, three, and eight are procedurally defaulted and claim four is unexhausted. (*Id.*)

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state

remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will

result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).

A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### A.  Claims One, Two, Three, and Eight

Respondents argue that because Applicant failed to exhaust claims one, two, three, and eight in the state courts and there is no longer an available state court remedy, the claims are procedurally barred.  The Court agrees.

In Applicant's previous habeas application filed with this court, Chief Judge Marcia S. Krieger found that the same exact claims – claims one, two, three, and eight -- were not exhausted but that they were procedurally barred. *Aguilar v. Tamme*, 13-cv-00494-MSK, ECF No. 25. The factual circumstances as to these claims have not changed.

Claim one (double jeopardy claim), claim two (due process claim because prosecution's DNA testing consumed the sample), claim three (due process claim because trial court allowed expert witness to testify about population frequency statistics), and claim eight (due process claim because jury was not instructed on the lesser included offense of manslaughter) were never exhausted in state court proceedings as free-standing constitutional claims. (*Id.* at 6-10, 12-13). Therefore, Mr. Aguilar failed to demonstrate he fairly presented any of these claims to the state courts. (*Id.*)

Moreover, if Mr. Aguilar attempted to fairly present claims one, two, three, and eight to the state courts at this time in another post conviction motion, the motion would be denied as successive. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have

been presented in an appeal previously brought or postconviction proceeding previously

brought."); *see also People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*,

240 P.3d 493, 494-95 (Colo. App. 2010).  Colo. Crim. P. Rule 35(c)(3)(VII) is an adequate state

procedural ground for rejecting a claim.  *See Burton v. Zavaras*, No. 09-1094, 340 F. App'x 453,

454-55 (10th Cir. Aug. 4, 2009) (unpublished) (applying Colorado's bar against successive

claims); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009)

(unpublished).  Therefore, the unexhausted claims are procedurally defaulted and cannot be

considered unless Mr. Aguilar demonstrates either cause and prejudice or a fundamental

miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.

To demonstrate cause for his procedural default, Mr. Aguilar must show that some

objective factor external to the defense impeded his ability to comply with the state's procedural

rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause

include interference by officials that makes compliance with the State's procedural rule

impracticable, and a showing that the factual or legal basis for a claim was not reasonably

available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation

marks omitted).  If Mr. Aguilar can demonstrate cause, he also must show "actual prejudice as a

result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.  A fundamental

miscarriage of justice occurs when "a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Aguilar makes no attempt to demonstrate cause and prejudice with respect to his

unexhausted claims and he fails to demonstrate that a failure to consider the merits of his

unexhausted claims will result in a fundamental miscarriage of justice.  Therefore, the Court

finds that claims one, two, three, and eight in the Application are procedurally barred and must be dismissed.

### B. Claim Four

Similar to the their argument when Applicant filed his previous habeas application in this Court, Respondents argue that Claim Four is unexhausted because Applicant failed to raise the claim in his petition for writ of certiorari to the Colorado Supreme Court. However, as Chief Judge Krieger ruled in her August 28, 2013 Order, pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *Aguilar v. Tamme*, 13-cv-00494-MSK, ECF No. 25 at 10-12 (citing *Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As Respondents concede, Mr. Aguilar fairly presented claim four to the Colorado Court of Appeals and it was denied. Therefore, claim four is exhausted.

### C.  Claims Five, Six, Seven, and Nine

Respondents concede that Mr. Aguilar has exhausted state remedies for claims five, six, seven, and nine.

## III.  Conclusion

For the reasons discussed above, it is

ORDERED that claims one, two, three, and eight of the Application (ECF No. 1) are DISMISSED WITH PREJUDICE as procedurally barred. It is

FURTHER ORDERED that Respondents shall file an Answer to claims four, five, six, seven, and nine of the Application **within thirty (30) days** of this Order. It is

FURTHER ORDERED that Applicant may file a Reply **within thirty (30) days** after

Respondents file an Answer.

DATED this 20th day of November, 2015.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge